**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

_____

| | |
|---|---|
| **JUNIUS NICKENS,** ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 13-CV-2013 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On January 16, 2013, Petitioner, Junius Nickens, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On March 11, 2013, Petitioner filed a Motion for Summary Judgment (#3). On April 4, 2013, the Government filed its Response (#5). The Government argued that Petitioner's Motion (#1) should be dismissed for two reasons: (1) Petitioner's Motion is barred by the applicable one-year statute of limitations; and (2) Petitioner waived his right to pursue relief pursuant to § 2255 in his written plea agreement. The Government also argued that Petitioner's Motion for Summary Judgment (#3) should be denied. On April 29, 2013, Petitioner filed a Reply (#6). Following careful consideration, this court concludes that Petitioner's Motion is time-barred and also concludes that Petitioner clearly waived his right to file a Motion under § 2255. For both reasons, Petitioner's Motion (#1) must be dismissed. This court also agrees with the Government that there is no basis for Petitioner's Motion for Summary Judgment (#3) and it must be denied.

## FACTS

## PROCEEDINGS IN CRIMINAL CASE

On May 6, 2009, in Case Number 09-CR-20035, Petitioner was charged by indictment with the offense of unlawful possession of a firearm by a felon. On September 29, 2009, a hearing was held before Magistrate Judge David G. Bernthal and Petitioner pleaded guilty pursuant to a written plea agreement. The written plea agreement provided that it was entered pursuant to Rule 11(c)(1)(C).[1] The agreement stated:

> 12. The United States and the defendant agree to the following Sentencing Guideline applications under U.S.S.G. § 2K2.1, the section applicable for unlawful[] possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1):
>
> **Base offense level:**                                   14
>
> (Defendant was a prohibited person
> at the time he committed the instant offense)
>
> **Specific Offense Characteristics**
>
> -Number of firearms (3-7)                                 +2
>
> -Firearms [were] stolen                                   +2
>
> -Altered or obliterated serial number                     +4
>
> -Possessed any firearm in connection
> with another felony offense                               +4

---

[1] Rule 11(c)(1)(C) provides that an attorney for the Government and the defendant's attorney may reach a plea agreement and "agree that a specific sentence or sentencing range is the appropriate disposition of the case." The Rule provides that "such a recommendation or request binds the court once the court accepts the plea agreement."

| | |
|---|---:|
| **Resulting Offense Level:** | 26 |
| -Reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a): | -2 |
| -Reduction in offense level for acceptance of responsibility under U.S.S.G § 3E1.1(b): | -1 |
| The resulting adjusted offense level: | 23 |

. . .

14. Based upon a Criminal History category of **IV,** and an adjusted offense level of **23**, the resulting advisory Sentencing Guideline imprisonment range is 70 to 87 months.

AGREEMENT AS TO APPROPRIATE SENTENCE

15. After considering the advisory Sentencing Guidelines and the factors to be considered in imposing a sentence under 18 U.S.C. 3553, the parties agree that the appropriate sentence in this case is as follows:

-An 84 month term of imprisonment;

-Said 84 month term of imprisonment shall be served consecutive to the six year term of imprisonment as imposed by the Kankakee County Circuit Court in cause number 2009CF139, on June 2, 2009.

The plea agreement stated that Petitioner stipulated that "[n]one of the firearms were

manufactured in Illinois, and thus passed in interstate commerce."

The plea agreement provided that Petitioner knowingly and voluntarily waived his right to appeal "any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement." The written plea agreement also stated:

<u>WAIVER OF RIGHT TO COLLATERAL ATTACK</u>

> 19. The defendant also understands that he has a right to attack his sentence collaterally on the grounds that the Constitution or laws of the United States were violated, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the conviction or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the

ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right.

20.  Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, *the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence as long as the sentence is within the maximum provided in the statutes of conviction.*  (Emphasis added.)

ACKNOWLEDGEMENT OF VOLUNTARINESS OF WAIVER

21.  The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else.  The defendant is waiving those rights because he *personally* believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United

States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement. (Emphasis in original.) The written plea agreement also contained the following statements:

> 26. Defendant
>
> I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, John C. Taylor. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."
>
> I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in the written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

> I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it.  I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in [its] entirety.
>
> I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Petitioner signed the written plea agreement on September 29, 2009.  At the guilty plea hearing held that day, Petitioner was sworn and a Rule 11 colloquy was held.  Judge Bernthal issued a Report and Recommendation which stated that he determined that the guilty plea was knowing and voluntary.  On October 19, 2009, this court entered an Order which approved Judge Bernthal's recommendation.  This court stated that it agreed with the Government's recommendation that Petitioner be sentenced to a term of 84 months imprisonment.  This court then accepted Petitioner's plea of guilty and adjudged Petitioner guilty.

On January 7, 2010, a sentencing hearing was held.  Based upon the agreement included in the written plea agreement pursuant to Rule 11(c)(1)(C), this court imposed the agreed-upon sentence of 84 months in the Federal Bureau of Prisons, to run consecutive to the term of imprisonment imposed in Kankakee County.  Consistent with his written plea

agreement, Petitioner did not file a Notice of Appeal and his conviction became final on January 21, 2010.

## PROCEEDINGS UNDER SECTION 2255

On January 16, 2013, almost three years after the judgment of conviction became final, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (#1). Petitioner argued that he was denied the effective assistance of counsel because his counsel did not object at sentencing to the enhancement for an altered/obliterated serial number. Petitioner argued that, because the serial number was obliterated, the Government had no proof that the firearm had a link to interstate commerce so the enhancement was improper. On March 11, 2013, Petitioner filed a Motion for Summary Judgment (#3). Petitioner stated that the Government had not responded to his Motion and asked this court to vacate his sentence and conviction.

On March 22, 2013, this court granted the Government's Motion for an Extension of Time to file its Response. On April 4, 2013, the Government filed its Response (#5). The Government argued that Petitioner's Motion under § 2255 must be dismissed because it was filed almost two years after the one-year statute of limitations had run. The Government also argued that the Motion must be dismissed because it is barred by Petitioner's waiver of the right to file a motion pursuant to Section 2255.

On April 29, 2013, Petitioner filed a Reply (#6). Petitioner insisted that his argument regarding interstate commerce raised an issue of "subject matter jurisdiction" which could be raised at any time. Petitioner also argued that his ineffective assistance of counsel argument could be read as an argument that the waiver itself was not made knowingly and

intelligently.

## ANALYSIS

### STATUTE OF LIMITATIONS

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003), *quoting* 28 U.S.C. § 2255(f)(1).  In this case, Petitioner has not disputed that his conviction was final on January 21, 2010.  He has argued that this court lacked "subject matter jurisdiction" so he could raise his sentencing argument at any time.  However, Petitioner stipulated in his written plea agreement that the firearms had passed in interstate commerce.  Therefore, there is no basis for Petitioner's jurisdictional claim.  This court concludes the Petitioner's Motion Under § 2255 (#1) was filed almost two years too late and must be dismissed.

### WAIVER

The Seventh Circuit has stated that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement.  *See United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005); *see also United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005).  A written plea agreement that waives the right to file a § 2255 motion is generally enforceable unless the waiver was unknowing or involuntary or counsel was ineffective in negotiating the agreement.  *See Hurlow v. United States*, ___ F.3d ___, 2013 WL 4038753, at *5 (7th Cir. 2013); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999); *Williams v. United States*, 2010 WL 1327442, at *4 (C.D. Ill. 2010).  In this case, any claim by Petitioner that he did not enter into the plea

agreement knowingly, and did not understand the nature and consequences of the plea, is completely belied by the written plea agreement, which was thoroughly discussed during the guilty plea hearing. *See Allen v. United States*, 2012 WL 289761, at *5 (C.D. Ill. 2012); *Rutherford v. United States*, 2010 WL 4683604, at *4 (C.D. Ill. 2010). The waiver was set forth in plain language in the plea agreement under its own heading, and Petitioner averred that he read the agreement and discussed its meaning and implications with his attorney. *See United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010). Such representations made by a defendant when entering a guilty plea are entitled to a presumption of correctness. *See Chapa*, 602 F.3d at 869; *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999). This court therefore concludes that Petitioner cannot successfully challenge his waiver.

In fact, Petitioner's Motion did not raise any claim that his waiver was unknowing and involuntary or that his counsel was ineffective in negotiating the plea agreement. Instead, Petitioner argued that his counsel was ineffective for failing to challenge the sentencing enhancement for altered or obliterated serial number at sentencing. This is even though the written plea agreement, which was signed by Petitioner, expressly included this enhancement and also included an agreed-upon sentence of 84 months. This court notes that, when it accepts a plea agreement entered under Rule 11(c)(1)(C), it is bound by that agreement at sentencing. Obviously, a defendant such as Petitioner who receives the benefit of such an agreement is bound by the agreement as well.

Accordingly, this court concludes that Petitioner's Motion under § 2255 is barred by his waiver. This court notes that the Seventh Circuit has stated that "[w]e have never been reluctant to hold criminal defendants to their promises." *Roberts v. United States*, 429 F.3d

723, 724 (7th Cir. 2005).  Here, as in *Roberts*, "[t]here is no question that [Petitioner's] waiver encompasses the claims presented in the § 2255 motion."  *See Roberts*, 429 F.3d at 724.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).  This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the Motion is untimely and barred by Petitioner's clear waiver included in the written plea agreement.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#1) is dismissed as untimely and barred by the waiver in the written plea agreement.

(2) Petitioner's Motion for Summary Judgment (#3) is DENIED.

(3)  A certificate of appealability is DENIED.

(4) This case is terminated.

ENTERED this 26th day of September, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE